# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BILLY JOE HILL, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 11-CV-735-GKF-PJC ) |
| TRACY JOHNS, | ) ) |
| Respondent. | ) |

## OPINION AND ORDER

On November 17, 2011, Petitioner, a federal prisoner, presently incarcerated at FCI Butner, and appearing *pro se*, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). On January 30, 2012, Respondent filed a motion to dismiss and brief in support (Dkt. # 9). On April 16, 2012, Petitioner filed a response (Dkt. # 15) to the motion to dismiss. For the reasons discussed below, the Court finds the motion to dismiss should be granted. The petition shall be dismissed without prejudice for lack of jurisdiction.

## *BACKGROUND*

The Court's records reflect that Petitioner was convicted by a jury of Felon in Possession of a Firearm (Count 1) and False Statement During Firearm Purchase (Count 2) in N.D. Okla. Case No. 03-CR-071-CVE. Because the Court found Petitioner had three prior convictions for violent felonies,[1] he was sentenced as an Armed Career Criminal under 18 U.S.C. § 924(e) to 212 months in custody on Count 1 and to 120 months on Count 2, to run concurrently, followed by 5 years

---

[1] Petitioner's prior violent felonies used for enhancement under § 924(e) were: Robbery With Firearms, District Court of Tulsa County, Oklahoma, Case Number CRF-74-2993, April 7, 1975; Robbery With a Dangerous Weapon, After Two or More Felony Convictions, District Court of Creek County, Case Number CRF-85-12, December 2, 1985; and Assault and Battery With a Dangerous Weapon, District Court of Cleveland County, Case Number CRF-87-1363, September 15, 1988.

supervised release on Count 1 and 3 years supervised release on Count 2, to run concurrently. He was also fined $5,000.00. Judgment was entered June 24, 2005. He appealed and on October 10, 2006, the Tenth Circuit Court of Appeals affirmed his convictions and sentences. In addition, on January 22, 2010, the Court denied Petitioner's 28 U.S.C. § 2255 motion. Petitioner appealed. On August 4, 2010, the Tenth Circuit denied a certificate of appealability and dismissed the appeal. On February 22, 2011, the United State Supreme Court denied Petitioner's petition for writ of certiorari.

On November 17, 2011, Petitioner filed the instant petition for writ of habeas corpus (Dkt. # 1). He challenges his conviction entered in Creek County District Court, Case No. CRF-85-12, one of the three prior felony convictions used to enhance his federal sentence under the Armed Career Criminal Act. In that case, Petitioner was sentenced in 1985 to twenty (20) years in custody. In response to the petition, Respondent filed a motion to dismiss for lack of jurisdiction. Respondent states that Petitioner cannot satisfy the "in custody" requirement of 28 U.S.C. § 2254(a).

## *ANALYSIS*

For a federal court to have jurisdiction to grant a petition for a writ of habeas corpus under § 2254, a petitioner must be "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); see also 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States"). In Maleng v. Cook, 490 U.S. 488 (1989) (per curiam), the Supreme Court interpreted this "statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Id. at 490-91.

In Maleng, the respondent, a federal prisoner, filed a § 2254 petition that facially attacked a 1958 Washington state conviction whose sentence had expired. Id. at 489-90. The respondent

2

argued that his 1958 conviction had been used illegally to enhance his 1978 state sentences that he would serve immediately following the expiration of a federal sentence that he was currently serving. Id. at 490. The Court held that a habeas petitioner does not "remain[ ] 'in custody' under a conviction after the sentence imposed for it has fully expired, merely because" that conviction had been used to enhance a subsequent sentence. Id. at 492. The Court nevertheless permitted the respondent to proceed on the merits, liberally construing the pro se petition as an attack on the later, 1978 sentence that he had yet to serve. Id. at 493. The Court concluded that the respondent met the "in custody" requirement because his later Washington sentence was ensured by a detainer directing him to be returned to Washington authorities when his federal sentence expired. Id.

In contrast to the respondent in Maleng, Petitioner, though currently in federal custody, is not subject to any unexpired state sentences. See Dkt. # 9, Ex. 1. Therefore, under the plain language of Maleng, Petitioner is not "in custody" pursuant to the state conviction challenged in the petition. As a result, the Court lacks subject matter jurisdiction to consider Petitioner's § 2254 petition.

In response to the motion to dismiss, see Dkt. # 15, Petitioner contends that the Court should construe his petition as an attack on the federal sentence that he is currently serving so that he is deemed "in custody" for purposes of subject matter jurisdiction. Even if Petitioner's § 2254 habeas petition is construed as an attack on his current sentence, thus effectively converting it to a § 2255 petition, the United States Supreme Court's decisions in Daniels v. United States, 532 U.S. 374 (2001), and Lackawanna Cnty. Dist. Attorney v. Coss, 532 U.S. 394 (2001), foreclose the viability of Petitioner's argument. In those cases, the Supreme Court held that if a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant

did so unsuccessfully), then that defendant may not collaterally attack his prior conviction through a motion under § 2255 or a § 2254 petition for writ of habeas corpus and the prior conviction may be regarded as conclusively valid. Daniels, 532 U.S. at 382; Coss, 532 U.S. at 403.

In both Daniels and Coss, the Supreme Court recognized an exception, allowing petitions under §§ 2254 and 2255 "that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963)." Coss, 532 U.S. at 404; see also Daniels, 532 U.S. at 382. In addition, pluralities from both cases suggested another exception. In Daniels, the plurality stated that "there may be rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own." Daniels, 532 U.S. at 383-84. A plurality in Coss elaborated:

> It is not always the case, however, that a defendant can be faulted for failing to obtain timely review of a constitutional claim. For example, a state court may, without justification, refuse to rule on a constitutional claim that has been properly presented to it. Alternatively, after the time for direct or collateral review has expired, a defendant may obtain compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner.

Coss, 532 U.S. at 405 (citations omitted). Neither exception applies to the circumstances of this case. Petitioner acknowledges that in Creek County District Court, Case No. CRF-85-12, he was represented by counsel. In addition, he does not claim to be actually innocent of the crime for which he was convicted in that case.[2]

---

[2] Petitioner does claim that he is actually innocent of a conviction entered in Creek County District Court, Case No. CRF-81-1, a conviction used to enhance his sentence in Case No. CRF-85-12. See Dkt. # 1 at 3; Dkt. # 15 at 3. However, that argument does not alter the Court's conclusion that the conviction entered in Creek County District Court, Case No. CRF-85-12, is no longer open to collateral attack.

In summary, in light of <u>Daniels</u> and <u>Coss</u>, the Court finds Petitioner's petition for writ of habeas corpus shall be dismissed. Petitioner challenges a 1985 conviction, a conviction for which he is not "in custody" since his sentence expired before he filed his petition. Accordingly, the Court lacks subject matter jurisdiction to consider his petition. <u>See</u> <u>Maleng</u>, 490 U.S. at 490-91. Even if the petition is construed as a § 2255 petition attacking Petitioner's current federal sentence, the teaching of <u>Daniels</u> and <u>Coss</u> is clear: Petitioner cannot rely on §§ 2254 or 2255 as vehicles to challenge his prior convictions used to enhance his current federal sentence. Like the petitioner in <u>Daniels</u>, Petitioner "is without recourse" because his "prior conviction used to enhance [his] federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available." <u>Daniels</u>, 532 U.S. at 382.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss (Dkt. # 9) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice** for lack of jurisdiction.

3. A separate judgment shall be entered in this matter.

DATED THIS 8th day of June, 2012.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT