# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| BILLY JOE HILL, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 11-CV-735-GKF-PJC |
|  | ) |  |
| TRACY JOHNS, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

Before the Court is Petitioner's "motion for a rehearing, on Opinion and Order entered June 8th, 2012" (Dkt. # 19). Petitioner asks the Court to reconsider its Opinion and Order (Dkt. # 16) dismissing without prejudice his 28 U.S.C. § 2254 petition for writ of habeas corpus. He argues that the Court erred in dismissing his petition for lack of jurisdiction after determining that he is not "in custody" on the challenged conviction, entered in Creek County District Court, Case No. CRF-85-12. See 28 U.S.C. § 2254(a) (requiring a petitioner to be "in custody" pursuant to the challenged state conviction). For the reasons discussed below, the Court shall adjudicate Petitioner's motion to reconsider as a true Rule 60(b) motion and shall deny the requested relief.

The Court entered Judgment in favor of Respondent on June 8, 2012. See Dkt. # 17. Petitioner's motion for rehearing was not filed of record until July 27, 2012,[1] or more than 28 days

---

[1] Petitioner certifies that he "mailed a true and correct copy of this motion for rehearing . . . on this 22nd, date of June, 2012." See Dkt. # 19 at 5. That statement is insufficient to entitle Petitioner to benefit from the prisoner mailbox rule. See Price v. Philpot, 420 F.3d 1158, 1163-64 (10th Cir. 2005) (finding that "[a]n inmate can obtain the benefit of the prison mailbox rule in one of two ways: (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that the postage was prepaid"). The Court also notes that the envelope containing Petitioner's motion for rehearing was

after entry of the Judgment. Therefore, the motion will be adjudicated under Fed. R. Civ. P. 60(b), rather than Fed. R. Civ. P. 59(e) (requiring a motion to alter or amend judgment to be filed within 28 days of entry of judgment). See Ysais v. Richardson, 603 F.3d 1175, 1178 nn.2, 3 (10th Cir. 2010).

Before considering the merits of Petitioner's Rule 60(b) motion, the Court must determine whether it is "true" Rule 60(b) motion or a second or successive habeas petition requiring authorization from the Tenth Circuit Court of Appeals. See 28 U.S.C. § 2244(b). In his motion, Petitioner claims that the Court erred in dismissing his petition based on lack of jurisdiction. A Rule 60(b) motion challenging a dismissal based on a lack of jurisdiction is not a successive habeas petition because it does not contest the merits of a conviction. See Gonzalez v. Crosby, 545 U.S. 524 (2005). A petitioner does not make a habeas claim when "he merely asserts that a previous ruling which precluded a merits determination was in error -- for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. at 532 n.4, 533, 538; see also Spitznas v. Boone, 464 F.3d 1213, 1224-25 (10th Cir. 2006); In re: Pickard, 681 F.3d 1201, 1206 (10th Cir. 2012). Therefore, the motion shall be adjudicated as a "true" Rule 60(b) motion, rather than as a second or successive § 2254 petition. Spitznas, 464 F.3d at 1225.

Rule 60(b), Federal Rules of Civil Procedure, provides for relief from a final judgment, order, or proceeding, as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;

---

postmarked July 24, 2012, or more than a month after Petitioner states he mailed the motion. See Dkt. # 20.

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). No argument presented by Petitioner suggests that grounds (1), (2), (3), (4) or (5) are applicable to this case. Thus, the only available ground for relief is under Rule 60(b)(6). That subsection "is a catchall provision, allowing relief from judgment for 'any other reason justifying relief.'" Davis v. Kan. Dep't of Corr., 507 F.3d 1246, 1248 (10th Cir. 2007) (quoting Fed. R. Civ. P. 60(b)(6)). "Relief under Rule 60(b)(6) is extraordinary and may only be granted in exceptional circumstances." Id. at 1248 (quotations omitted). Relief under Rule 60(b)(6) "will rarely occur in the habeas context." Omar-Muhammad v. Williams, 484 F.3d 1262, 1264 (10th Cir. 2007) (quoting Gonzalez, 545 U.S. at 535).

The Court finds Petitioner is not entitled to relief under Fed. R. Civ. P. 60(b)(6) because his claims do not rise to the level of "exceptional circumstances." Petitioner first complains that the State never raised the "in custody" issue during his most recent state court challenge to his conviction. Regardless of any argument presented in state court, and as explained in the Opinion and Order dismissing the petition, the federal habeas corpus statute requires the petitioner to be "in custody" under the challenged conviction in order to obtain habeas corpus relief. See Dkt. # 16 (citing 28 U.S.C. § 2254(a)). Therefore, Petitioner's argument does not warrant relief from the judgment entered in this case. Petitioner also argues that this Court should follow the reasoning expressed by the minority of Supreme Court justices who filed dissenting opinions in Daniels v.

United States, 532 U.S. 374 (2001). However, this Court is required to follow the holding of Daniels 532 U.S. at 382 (stating that where "a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse"), as adopted by the majority of the justices. Again, Petitioner's argument does not warrant relief from the judgment. In short, nothing presented by Petitioner in his Rule 60(b) motion persuades the Court that the dismissal of the petition was erroneous. Petitioner is not entitled to extraordinary relief and his Rule 60(b) motion shall be summarily denied.

## Certificate of Appealability

A movant is required to obtain a certificate of appealability to appeal from the denial of a Rule 60(b) motion. Spitznas, 464 F.3d at 1218. Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A movant can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a movant must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the denial of Petitioner's Rule 60(b) motion is debatable or incorrect.

4

The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY IT IS HEREBY ORDERED that** Petitioner's motion for rehearing (Dkt. # 19), adjudicated as a "true" Rule 60(b) motion, is **denied**. A certificate of appealability is **denied**.

**DATED** this 3rd day of August, 2012.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT